PER CURIAM.
**482 The petitioner, Kevin Epps, was convicted of assault in the first degree and kidnapping in the first degree in connection *559 with an incident in which he had inflicted horrific injuries on his then fiancée while the two were in his parked van.[1] In two decisions issued after the petitioner's conviction was rendered final, this court respectively (1) overruled the long-standing interpretation of our kidnapping statutes under which the crime of kidnapping did not require **483 that the restraint used be more than that which was incidental to and necessary for the commission of another crime against the victim, and (2) deemed that holding to apply retroactively to collateral attacks on final judgments.[2] The petitioner thereafter sought a new trial on the kidnapping charge in light of those holdings in an amended petition for a writ of habeas corpus.
The habeas court granted the petition. It concluded that the petitioner's claim challenging the kidnapping instruction at his criminal trial for the first time in the habeas proceeding was not subject to a defense of procedural default and that the omission of a limiting instruction on the element of restraint in the kidnapping charge ( Salamon claim); see footnote 2 of this opinion; was not harmless beyond a reasonable doubt. On appeal, the Appellate Court determined that the petitioner's claim was subject to a procedural default defense, but that the petitioner had overcome that defense, in part by demonstrating that the instructional error was not harmless beyond a reasonable doubt given the conflicting testimony at the criminal trial regarding the petitioner's restraint of his fiancée. Epps v. Commissioner of Correction , 153 Conn. App. 729, 737, 741-42, 104 A.3d 760 (2014). The respondent, the Commissioner of Correction, filed a petition for certification to appeal to this court, seeking to challenge the Appellate Court's interpretation and application of the procedural default defense.
While the respondent's petition was pending before this court, we issued our decision in Hinds v. Commissioner of Correction , 321 Conn. 56, 136 A.3d 596 (2016). In that case, we held that Salamon claims are not subject to procedural default and determined that habeas **484 relief was warranted because the omission of the Salamon limiting instruction was not harmless beyond a reasonable doubt. Id., at 70-81, 136 A.3d 596. After reaching that conclusion, we observed, parenthetically, that this court had not had occasion to consider the position adopted by the United States Supreme Court in 1993, when that court retreated from 200 years of precedent assessing harm for constitutional error under the same standard in both direct appeals and collateral proceedings in favor of a stricter standard for relief in the latter. Id., at 81-83, 136 A.3d 596 ; see Brecht v. Abrahamson , 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed. 2d 353 (1993). Shortly after we issued our decision, this court notified the parties to the present case that, in light of Hinds , the respondent had permission to file an amended petition for certification. Over the petitioner's objection, this court granted the respondent's amended petition, which raised the question "left unresolved" by Hinds regarding the proper measurement of harm in collateral proceedings like the present one and the question of whether, irrespective of which standard applied, harm had been established in the petitioner's criminal case.[3] **485 *560 After a careful review of the record, we have reconsidered our decision to permit the respondent to file the amended petition for certification and to grant that petition. The respondent had squarely argued to the habeas court that the petition should be assessed under the harmless beyond a reasonable doubt standard. The respondent never argued in the alternative that a higher standard of harmfulness should apply to collateral proceedings even if the petitioner's claim was not subject to procedural default, despite federal case law applying a higher standard since 1993. Accordingly, we conclude that this is not the proper case in which to fairly address this consequential issue and that certification was improvidently granted.[4]
The appeal is dismissed.

See generally State v. Epps , 105 Conn. App. 84, 86-87, 89, 936 A.2d 701 (2007), cert. denied, 286 Conn. 903, 943 A.2d 1102 (2008).

See State v. Salamon , 287 Conn. 509, 518, 542, 548, 949 A.2d 1092 (2008) ; Luurtsema v. Commissioner of Correction , 299 Conn. 740, 751, 12 A.3d 817 (2011).

Specifically, this court granted certification, limited to the following questions:
"1. Whether, in a question left unresolved by Hinds v. Commissioner of Correction , [supra, 321 Conn. at 76-94, 136 A.3d 596 ], in a collateral proceeding, where the petitioner claims that the trial court erred by omitting an element of the criminal charge in its final instructions to the jury, is harm measured in accordance with Brecht v. Abrahamson , [supra, 507 U.S. at 637, 113 S.Ct. 1710 ], or is harm measured in accordance with Neder v. United States , 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed. 2d 35 (1999) ?
"2. If the Brecht standard for assessing harm is adopted by this court, did the evidence in this case establish that the absence of an instruction in accordance with State v. Salamon , 287 Conn. 509, 949 A.2d 1092 (2008), had no 'substantial and injurious effect or influence in determining the jury's verdict' finding the petitioner guilty of kidnapping?
"3. If the Neder standard for assessing harm is adopted by this court, did the Appellate Court err when it held that '[i]n the absence of a Salamon instruction, [it had] no reasonable assurance that the [petitioner's] kidnapping conviction was not based on restraint of the victim that was incidental to the assault of which the petitioner was convicted?' " Epps v. Commissioner of Correction , 323 Conn. 901, 150 A.3d 679 (2016).

Insofar as the respondent also asked this court to consider whether the petitioner was entitled to prevail under the less stringent Neder standard, the respondent has not effectively briefed that question by disregarding the requirements of that standard, under which a reviewing court must be satisfied "beyond a reasonable doubt that the omitted element was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error ...." (Emphasis added.) Neder v. United States , 527 U.S. 1, 17, 119 S.Ct. 1827, 144 L.Ed. 2d 35 (1999) ; accord State v. Thompson , 305 Conn. 806, 815, 48 A.3d 640 (2012) ; State v. Rodriguez-Roman , 297 Conn. 66, 90, 3 A.3d 783 (2010) ; State v. Flowers , 278 Conn. 533, 544, 898 A.2d 789 (2006) ; State v. Montgomery , 254 Conn. 694, 738, 759 A.2d 995 (2000).